IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3105-FL

| | | |
|---|---|---|
| MANUEL MENDOZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter came before the court on the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) of North Carolina Attorney General Roy Cooper (DE # 19). Also before the court is the motion for summary judgment filed by defendants Robert C. Lewis, Grady J. Haynes, and Linda G. Byrd (DE # 25). These matters are ripe for adjudication. For the following reasons, the court grants defendants' motions.

## STATEMENT OF THE CASE

On June 10, 2009, plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that defendants were deliberately indifferent to his serious medical needs because they ignored his physician's dietary orders. On December 9, 2009, Roy Cooper moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(5) for insufficiency of service of process. Plaintiff filed a response to Roy Cooper's motion on January 8, 2010. On January 25, 2010, defendants Lewis, Haynes, and Byrd filed a motion for summary judgment arguing that plaintiff's complaint should be dismissed

because he failed to exhaust his administrative remedies before filing this action. Plaintiff thereafter filed a response to the motion to dismiss filed by defendants Lewis, Haynes, and Byrd.

**DISCUSSION**

A.  Motion for Summary Judgment

1.  Standard

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2.  Analysis

Defendants Lewis, Haynes, and Byrd argue that plaintiff's claims against them should be dismissed because he failed to exhaust his administrative remedies. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see also Jones v. Bock, 549 U.S. 199, 217 (2007) ("[F]ailure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). Exhaustion is mandatory. Woodford, 548 U.S. at

2

85; Porter v. Nussle, 534 U.S. 516, 524 (2002); XYZ Corr. Health Servs., 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

Plaintiff states that he submitted three grievances before filing this action. Plaintiff attached copies of the alleged grievances to his complaint. The first grievance plaintiff submitted, dated March 22, 2009, does not contain a grievance number. Inmate grievances are assigned a number after they are submitted and accepted for consideration. Accordingly, it does not appear that plaintiff submitted his March 22, 2009 grievance for consideration. Indeed, Susan Carter, the administrative assistant to the Administrator of Warren Correctional Institution, submitted an affidavit in which she states that there is no record of any grievance submitted by plaintiff from March 2, 2009 through May 27, 2009. (Defs.' Mem. in Supp. of Summ. J. Ex. A ¶ 7.)

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford, 548 U.S. at 90. It is undisputed from the evidence in the record that plaintiff did not comply with the policies and procedures of the North Carolina Department of Corrections governing the submission of inmate grievances. Therefore, the court finds that plaintiff did not properly exhaust his administrative remedies for this grievance.

The record also reflects that plaintiff did properly file two grievances, grievance No. 4290-4-097 and grievance No. 4290-4-09-134. For both grievances, plaintiff agreed with the step one grievance response, indicating that he was satisfied with step one. (Defs.' Mem. in Supp. of Summ. J. Carter Aff. ¶¶ 9 and 10; Compl. Attach.) There is no record that plaintiff appealed either grievance. Because plaintiff did not complete the second or third step of the administrative

3

Case 5:09-ct-03105-FL Document 29 Filed 08/16/10 Page 3 of 4

grievance process, he has failed to exhaust his administrative remedies. Accordingly, defendant's motion for summary judgment for failure to exhaust administrative remedies is GRANTED.

B.   Motion to Dismiss

The court now turns to Roy Cooper's motion, which seeks to dismiss plaintiff's claim against defendant Mrs. Williams for insufficiency of service of process. The court need not decide the merits of this motion where it finds it appropriate to dismiss plaintiff's claim against defendant Mrs. Williams for failure to exhaust administrative remedies. Cf. XYZ Corr. Health Servs., 407 F.3d at 681-82 ("[T]he district court's authority to *sua sponte* dismiss an *in forma pauperis* case as frivolous [is] broad enough to permit the court to dismiss a complaint on the basis of an affirmative defense that [is] apparent from the facts alleged in the complaint.").

## CONCLUSION

For the foregoing reasons, the court GRANTS the motion for summary judgment (DE # 25) filed by defendants Lewis, Haynes, and Byrd. The action is DISMISSED, without prejudice, against these defendants for failure to exhaust administrative remedies. The court DENIES AS MOOT the motion to dismiss (DE # 19) filed by Roy Cooper, but the action is similarly DISMISSED against defendant Williams, without prejudice, for failure to exhaust administrative remedies. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the _10th_ day of August, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge